The document below is hereby signed.

Signed: May 3, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING DEBTOR'S MOTION FOR REVISED OR ADDITIONAL FINDINGS

The debtor's *Motion for Revised or Additional Findings* seeks relief under Fed. R. Civ. P. 60(b)(1), (2), and (3) regarding the order granting Beal Bank relief from the automatic stay to foreclose on real property. The *Motion* argues that Beal Bank "hasn't presented proof of a valid chain of assignment" and that I should recuse myself from handling this case.

I

"Rule 60(b) is not a 'vehicle for presenting theories or arguments that could have been raised previously.'" *Walsh v. Hagee*, 10 F.Supp.3d 15, 19 (D.D.C. 2013) (quoting *Fund for*

*Animals v. Williams*, 311 F.Supp.2d 1, 5 (D.D.C. 2004)).[1]  The issue of chain of assignment could have been raised by the debtor in opposing the motion for relief from the automatic stay, but she failed to do so.

   Beal Bank has filed a proof of claim to which the debtor has failed to object, and under 11 U.S.C. § 502(a) it is deemed an allowed secured claim.  Even though the debtor disputes the claim, Beal Bank was a creditor by reason of 11 U.S.C. §§ 101(5)(A) and 110(A), and its motion's allegations established standing to pursue the motion.  *See In re Smith*, 522 F. App'x 760, 764-65 (11th Cir. 2012).  Beal Bank established that the debtor lacked equity in the real property and the debtor failed to show that the property was necessary for an effective reorganization, such that relief from the automatic stay was appropriate under § 362(d)(2).  The court's ruling only lifted the automatic stay to permit Beal Bank to pursue the foreclosure that it asserted it was entitled to pursue, and did not adjudicate that under state law that Beal Bank was in fact entitled to foreclose.  The ruling did not deprive the debtor of the right to defend against any ensuing foreclosure (on any grounds available to the debtor under nonbankruptcy law) or to

---

   [1]  Even if the debtor had filed her motion in a timely fashion under Fed. R. Civ. P. 59(e), a Rule 59(e) motion may not be used as a vehicle for a "losing party . . . to raise new issues that could have been raised previously."  *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

belatedly object to Beal Bank's proof of claim.  If, however, the debtor wanted Beal Bank's motion for relief from the automatic stay to be denied based on lack of a valid chain of assignment, she ought to have raised it in opposing the motion.

In any event, the *Motion* fails to set forth grounds for relief under the provisions of Rule 60(b) that the *Motion* invokes.  As to Rule 60(b)(1), permitting relief for "mistake, inadvertence, surprise, or excusable neglect," the *Motion* sets forth no basis for finding any of those predicates applicable.  As to Rule 60(b)(2), dealing with "newly discovered evidence," the *Motion* does not point to any such newly discovered evidence.  Finally, as to Rule 60(b)(3), permitting relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," the *Motion* does not contend that Beal Bank committed fraud, misrepresented facts, or engaged in misconduct."  The *Motion* fails to set forth a basis for granting relief under Fed. R. Civ. P. 60(b)(1), (2), or (3).

II

The court has previously denied two motions to recuse filed by the debtor, and this *Motion* similarly fails to set forth adequate grounds for recusal.

III

In accordance with the foregoing, it is

ORDERED that the debtor's *Motion for Revised or Additional Findings* (Dkt. No. 122) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.