The document below is hereby signed.

Signed: May 22, 2017



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR RECONSIDERATION
OF DISMISSAL OF ADVERSARY COMPLAINT AGAINST BEAL BANK

The debtor's *Motion for Reconsideration of Dismissal of Adversary Complaint* (Dkt. No. 137), appears to address the court's order in Adversary Proceeding No. 17-10012 dismissing the debtor's *Complaint Objecting to Beal Bank Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)*.

I

The *Motion* must be denied to the extent it deals with the order of dismissal in the adversary proceeding. First, the *Motion* was filed in this, the main case, instead of in the adversary proceeding, and cannot be granted in this, the main case.

Second, the *Motion* was not accompanied by a proposed order as required by the Local Bankruptcy Rules, and left in doubt precisely what relief the debtor seeks.

Third, the *Motion* raises grounds for attacking Beal Bank's claim that were not pled in the adversary proceeding complaint. As the court's order dismissing the adversary proceeding expressly stated, the dismissal was without prejudice to the filing of a complaint commencing a new adversary proceeding. If the debtor seeks to assert new grounds for attacking Beal Bank's claim, and if she has standing to attack Beal Bank's claim now that the case has been converted to chapter 7, she ought to file a complaint setting forth those new grounds and commencing a new adversary proceeding.

II

If the debtor is seeking reconsideration of the order granting Beal Bank's motion for relief from the automatic stay, the motion is one under Fed. R. Civ. P. 60(b). As in the case of an earlier motion seeking relief from that order on the same grounds advanced here for attacking Beal Bank's claim,[1] the instant *Motion* fails to set forth an adequate basis for this court to grant Rule 60(b) relief with respect to that order. See

---

[1] The chapter 7 trustee, as representative of the estate, will obviously have standing to attack Beal Bank's claim. The court need not decide at this juncture whether the debtor would have such standing.

2

*Memorandum Decision and Order Denying Debtor's Motion for Revised or Additional Findings* (Dkt. No. 124), 2017 WL 1788080 (Bankr. D.D.C. May 4, 2017).

### III

For all of these reasons, it is

ORDERED that the debtor's *Motion for Reconsideration of Dismissal of Adversary Complaint* (Dkt. No. 137) is DENIED, with the denial not barring the debtor's filing an adversary proceeding complaint attacking Beal Bank's claim on the grounds set forth in the *Motion*.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.