The document below is hereby signed.

Signed: August 28, 2017



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION TO DISMISS

The debtor has filed two motions to dismiss her chapter 7 case. *See* Dkt. No. 165; Dkt. No. 172. This memorandum decision and order will deal with the first motion while another order of this date will dispose of the second. For the reasons that follow, the debtor's first motion to dismiss (Dkt. No. 165) will be denied.

I

The motion seeks relief in addition to seeking dismissal of the case. The motion proposes that the debtor's property located at 1319 Fairmont Street, NW, Washington, D.C. 20009, be sold with the proceeds of that sale to be used to "make a balloon payment . . . to *valid* creditors," *see* Dkt. No. 165, at 1 (emphasis

added).[1]  This is a chapter 7 bankruptcy case and the chapter 7 trustee will administer the debtor's assets.  The court will not enter an order directing the trustee to sell the property identified by the debtor and pay the creditors in the manner proposed by the debtor.  The debtor may discuss any proposal she has for administering her assets with the chapter 7 trustee.

II

The debtor claims that her case should be dismissed because she never filed a chapter 7 petition, never filed "the certificate[,]" never filed schedules, never attended the § 341 meeting of creditors, and has not complied the court's order of May 22, 2017 (Dkt. No. 139).  None of these grounds justifies dismissal.

The order to which the debtor refers was an order converting the debtor's case from one under chapter 13 of the Bankruptcy Code to one under chapter 7.  *See* Dkt. No. 139.  The order laid out a series of obligations for the debtor, including the filing of records, any necessary supplements to the previously filed schedules and mailing matrix, and any documents the debtor was previously required to file but had not yet filed.  *Id.*  The debtor was also instructed to serve on any additional creditors

---

[1] It is unclear who the debtor would consider a valid creditor but the debtor's specification that she only intends to pay creditors she deems valid demonstrates that it is in the best interest of the creditors for the trustee to administer the debtor's assets.

not previously listed on the schedules notice of the commencement of the case or a copy of the schedule if the notice did not yet exist and to file a certificate reflecting the service. *See id.* This certificate of service is presumably the certificate to which the debtor refers in trying to justify the dismissal of her chapter 7 case. *See* Dkt. No. 165, at 2.

The debtor's failure to comply with her obligations under the Bankruptcy Code arising after conversion of her case, which were outlined in the court's order converting the case, does not earn her a dismissal of her bankruptcy case. As stated in *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 842 (9th Cir. BAP 2008), "a debtor is not entitled to escape by awarding himself a dismissal . . . by declining to perform his statutory duties . . . ." *See also In re On*, No. 10-47541 EDJ, 2010 WL 5394804, at *3 (Bankr. N.D. Cal. Dec. 28, 2010) (quoting *In re Hickman*, 384 B.R. at 842).

In any event, the provisions of 11 U.S.C. § 707(a), which govern dismissal of a chapter 7 case, require a showing of cause before a case will be dismissed. The debtor has not shown cause for dismissing this case based on her own wrongs. The debtor noted that she had failed to file a chapter 7 petition, a certificate, or schedules. The debtor was not required to file a second petition when her chapter 13 case was converted to a chapter 7 case. The original petition she filed still exists and

is sufficient for her chapter 7 case.  Therefore, the debtor's failure to file a new petition after her case was converted does not constitute a reason to dismiss the debtor's bankruptcy case.

In regards to the debtor's contention that she failed to file schedules, if the debtor meant to refer to Schedules A/B-J, she filed such schedules in her chapter 13 case before it was converted to chapter 7 and those schedules still exist in her chapter 7 case.  If she is referring to a schedule of debts incurred post-petition and prior to conversion that she was required to file under Fed. R. Bankr. P. 1019(5)(B)(i) and pursuant to the court's order converting her case to one under chapter 7, her misconduct in failing to comply with that rule does not establish cause for dismissing the case on the debtor's own motion.

As for the certificate, if she is referring to the certificate of service referenced in the court's order converting her case (Dkt. No. 139, at 2) then she was only required to file such a certificate if she filed a new schedule with added creditors, with the debtor did not do.  Even if she had added creditors and served such creditors and had then failed to file a certificate of service, that failure would not constitute cause for dismissing the debtor's case.  In her motion to dismiss her case, the debtor also noted her failure to attend the § 341 meeting of creditors, which had been scheduled for June 29, 2017.

The debtor's failure to attend the meeting of creditors, like her other failures to comply with her obligations under the Code, does not constitute cause to dismiss the case on the debtor's own motion.  This case has progressed to the point that cause does not exist to dismiss the case based on any of the debtor's failures to comply with the Code.  The trustee is pursuing liquidation of assets for the benefit of creditors and administrative claimants, and a dismissal would be adverse to the interest of creditors and administrative claimants.

                                III

The debtor's motion also requests the court to issue an order "[v]acating the dismissal of the cases against 1368 H Street LLC and reinstate all case's, dismissed or converted during Wendell Webster, Ch-7 Trustee, engagement & acts without authority[.]"  *See* Dkt. No. 165, at 3 (errors contained in original).  However, the debtor has not provided any justification for the court to issue such an order.  The debtor references the sale of her property located at 8165 East Beach Drive, Washington, D.C. 20012, and attributes such sale to the conduct of the chapter 7 trustee.  However, the sale of the property is not attributable to the trustee; rather, the court granted motions for relief from stay filed by two separate secured creditors, allowing them to proceed with the foreclosure upon and sale of the encumbered property.  *See* Dkt. Nos. 114,

5

115, 169. Additionally, while the debtor generally alleges that the chapter 7 trustee has breached his professional duties, acted negligently and deceptively, violated various acts and statutes, the debtor has not substantiated those claims with any (let alone sufficient) factual allegations and, regardless, such claims would not justify entry of an order of the type the debtor requests.  Finally, while the debtor alleges that the chapter 7 trustee denied the debtor an opportunity to be heard in regards to her claim of wrongful foreclosure of 1368 H Street, LLC, and has denied the debtor an opportunity to challenge the judgments awarded in favor of DCRA and Gary Coleman, the debtor has not substantiated that claim with any factual allegations.

IV

In accordance with the foregoing, it is

ORDERED that the debtor's motion to dismiss (Dkt. No. 165) is DENIED.  It is further

ORDERED that the debtor's request in the motion to dismiss for entry of an order directing the sale of her property located at 1319 Fairmont Street, NW, Washington, D.C. 20009 and directing the payment from the sales proceeds to creditors as proposed by the debtor, all contained in the debtor's motion to dismiss (Dkt. No. 165) is DENIED.  It is further

ORDERED that the debtor's request in the motion to dismiss for entry of an order "[v]acating the dismissal of the cases

against 1368 H Street LLC and reinstate all case's, dismissed or converted during Wendell Webster, Ch-7 Trustee, engagement & acts without authority" (Dkt. No. 165, at 3 (errors contained in original)) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.

7

R:\Common\TeelBK(MRM)\Orders\Miscellaneous Orders\Memorandum Decision and Order Denying Debtor's Motion to Dismiss_Martha Akers_v2.wpd