The document below is hereby signed.

Signed: December 18, 2018

*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not to be published in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
SECOND AMENDED MOTION TO DETERMINE SECURED
<u>CLAIM OF GARY COLEMAN PURSUANT TO FED. BANK. RULE 3012</u>

The trustee sold 1319 Fairmont Street, NW, Washington, D.C. 20009 ("Property") free and clear of all liens, with those liens attaching to the proceeds of the sale which, according to the report of the sale (Dkt. No. 331), were $1,757,293.07 after payment of closing costs. Gary Coleman holds a judgment which he asserts was secured by a lien against the Property. He has filed his *Second Amended Motion to Determine Secured Claim of Gary Coleman Pursuant to Fed. Bank. Rule 3012* ("*Motion*") (Dkt. No. 345) in which he seeks payment of the judgment pursuant to his asserted lien on the proceeds of the Property. Coleman contends that he is entitled to post-judgment interest on his judgment, both prepetition and postpetition, at 6% compounded interest and

seeks attorney's fees and expenses.

Akers has opposed the *Motion*, although the opposition is untimely and fails to state any basis for disallowing the claim. Nevertheless, the *Motion* cannot be granted at this juncture.

I

The relevant facts are these. On December 5, 2014, Coleman filed a complaint in the Superior Court of the District of Columbia initiating a civil action against Akers regarding a debt that Akers owed Coleman. On March 10, 2016, Coleman filed a notice of *lis pendens* against the Property, giving notice of the commencement of the civil action by the filing of the "complaint For Breach of Contract and Misrepresentation" and stating:

> This action alleges a claim affecting certain real property owned by Defendant, property intended to be sold by Defendant to satisfy repayment of loans received by Martha Akers from Gary Coleman, one collateral property being [the Property] and owned by Martha Ann Akers aka Martha A. Akers aka Martha Akers.

The notice recited that the object of the filing was:

> To collect funds loaned to Defendant by Plaintiff, a loan to be paid From [sic] proceeds of the sale of property owned by Defendant Martha A. Akers.

On July 12, 2016, The Superior Court entered a judgment of $252,232.06 against Akers, "with interest thereon at the statutory rate." The judgment did not decree that Coleman had any interest in the Property.

On November 17, 2016, Akers filed a voluntary petition

commencing a case under chapter 13 of the Bankruptcy Code which was converted to chapter 7 on May 22, 2017, and Wendell W. Webster was appointed as the chapter 7 trustee.  Coleman filed an amended proof of claim on August 14, 2018, asserting a secured claim of $305,117.20, including prepetition and postpetition interest, at 6% per annum compounded annually, and attorney's fees and expenses.  The proof of claim's attachments included no copy of a contract showing an entitlement to a specific interest rate or a right to attorney's fees.  The proof of claim also includes no copy of the judgment bearing an indication that the judgment was recorded with the Recorder of Deeds, and the court's review online of the records of the Recorder of Deeds reflects that Coleman only recorded the notice of *lis pendens*.

II

The *Motion* invokes Rule 3012 of the Federal Rules of Bankruptcy Procedure.  Under that rule, the court may determine the value of property to which the creditor's lien has attached, and necessarily also determine whether the creditor has a lien

against the property.[1]  Coleman has not established that he has a lien against the proceeds of the Property.

Coleman asserts that he had a lien on the Property pursuant to his prepetition judgment and pursuant to his prepetition notice of *lis pendens*.  In the District of Columbia, a *lis pendens* notice may be filed if an action in "state or federal court in the District of Columbia" either "affect[s] the title to" or otherwise "assert[s] a mortgage, lien, security interest, or other ownership interest in real property situated in the District of Columbia."  D.C. Code § 42-1207(a).  A notice of *lis pendens* protects a plaintiff with respect to an interest in real property that may be established by pending litigation.  A notice of *lis pendens* is only a notice and does not itself create a property interest.

To explain, a *lis pendens* notice is "designed to enable

---

[1]  However, Rule 3012 is not an appropriate vehicle for determining the extent to which a secured claim takes priority over other liens.  *See In re Chukes*, 305 B.R. 744 (Bankr. D.D.C. 2004).  Under Fed. R. Bankr. P. 7001(2), determining the priority of liens requires an adversary proceeding.  Coleman's motion seeks to require the trustee to pay the full amount of Coleman's claim.  It appears that the liens for which proofs of claim have been filed, combined with Coleman's claim, if secured by a lien, do not exceed the $1,700,000 of proceeds held by the trustee.  The Claims Register shows only one other lien on the Property for which a proof of claim has been filed: the claim of Habib Generation Skipping Marital Trust with a claim of $74,710.08.  Accordingly, Coleman's motion does not turn on any issue of priority of liens.  Of course, the trustee ought not pay liens if there is an issue of priority affecting who is entitled to receive the proceeds of the sale of the Property.

'interested third parties to discover the existence and scope of [pending] litigation' affecting property." *Heck v. Adamson*, 941 A.2d 1028, 1029 (D.C. 2008), citing *1st Atlantic Guaranty Corp. v. Tillerson*, 916 A.2d 153, 157 (D.C. 2007). As noted in *Heck*, 941 A.2d at 1029 n.1 (emphasis added):

> The legal effect of *lis pendens* at common law, and under § 42-1207, is that "nothing relating to the subject matter of the suit [can] be changed while it [is] pending and one acquiring an interest in the property involved therein from a party thereto [takes] such interest subject to the parties' rights as finally determined, and [is] conclusively bound by the results of the litigation." *Tillerson*, 916 A.2d at 156 (quoting *First Md. Fin. Servs. Corp. v. District-Realty Title Ins. Corp.*, 548 A.2d 787, 791 (D.C. 1988)). On the other hand, lis pendens "is still only a notice," *Kerns v. Kerns*, 53 P.3d 1157, 1164 n. 6 (Colo. 2002); "**[u]nlike a lien, a person obtains no new property interest through the operation of the *lis pendens* doctrine**." 14 [POWELL ON REAL PROPERTY] at 82A-4.

As noted previously, the judgment that Coleman recovered was only a monetary judgment and did not establish an interest in the Property. Nor did Coleman file his judgment with the Recorder of Deeds in order to obtain a judgment lien against the Property. D.C. Code § 15-502(a) provides in relevant part:

> Each:
>    (1) final judgment or decree for the payment of money rendered in the . . . Superior Court of the District of Columbia, from the date such judgment or decree is filed and recorded in the office of the Recorder of Deeds of the District of Columbia . . .
>
> shall constitute a lien on all the freehold and leasehold estates, legal and equitable, of the defendants bound by such judgment . . . in any land, tenements, or hereditaments in the District of Columbia . . . .

Because Coleman has not pled facts establishing that he has a lien against the Property, the court cannot declare that Coleman has a lien against the Property unless Coleman shows error in the court's analysis.

## III

Coleman seeks a determination by the court that his claim includes 6% compounded prepetition and postpetition interest. Under 11 U.S.C. § 502(b), Coleman is entitled to matured prepetition interest as part of his allowed unsecured claim. But pursuant to 11 U.S.C. § 502(b)(2) Coleman is not entitled to postpetition interest as part of his allowed unsecured claim.[2] If allowed unsecured claims are paid in full, 11 U.S.C. § 726(a)(5) provides for payment of postpetition interest "at the legal rate" to holders of allowed unsecured claims, but addressing that issue must await the trustee's filing a final report and a proposed distribution.

However, Coleman has not shown that he is entitled to 6% compounded interest. Coleman correctly cites D.C. Code § 28-3302 as the applicable statute regarding interest on a judgment. It contains three interest rates. The rate under subsection (a) provides a rate of 6% per annum "upon the loan or forbearance of money, goods, or things in action in the absence of expressed

---

[2] If Coleman had a lien, then pursuant to 11 U.S.C. § 506(b) interest, both prepetition and postpetition, would be part of the allowed secured claim if the lien is oversecured.

6

contract"; subsection (b) provides for a rate of 4% per annum on judgments and decrees against the District of Columbia; and subsection (c) provides in relevant part:

> The rate of interest on judgments and decrees, where the judgment or decree is not against the District of Columbia, or its officers, or its employees acting within the scope of their employment **or where the rate of interest is not fixed by contract**, shall be 70% of the rate of interest set by the Secretary of the Treasury pursuant to section 6621 of the Internal Revenue Code of 1986, approved October 22, 1986 (100 Stat. 2744; 26 U.S.C. § 6621), for underpayments of tax to the Internal Revenue Service, rounded to the nearest full percent, or if exactly 1/2 of 1%, increased to the next highest full percent; provided, that a court of competent jurisdiction may lower the rate of interest under this subsection for good cause shown or upon a showing that the judgment debtor in good faith is unable to pay the judgment.

D.C. Code Ann. § 28-3302(c) (emphasis added). The judgment Coleman recovered provided for "interest thereon at the statutory rate" and did not provide for it to bear interest at a rate fixed by any contract underlying the judgment. In those circumstances, the judgment must bear interest as provided by § 28-3302(c). Coleman incorrectly treats his judgment as falling under subsection (a) (providing for 6% interest "upon the loan or forbearance of money, goods, or things in action in the absence of expressed contract") but that provision deals with prejudgment interest, and it is § 28-3302(c) that governs interest on a judgment. Section 28-3302(c) provides for interest at the judgment rate "fixed by contract" or at 70% of the underpayment of taxes rate as set pursuant to 26 U.S.C. § 6621. Coleman has

7

not provided an agreement showing a judgment interest rate fixed at 6%, or at any other rate.  Accordingly, the interest rate on his judgment is at the rate of 70% of the underpayment of taxes rate.

The judgment rate under § 3302(c) is a variable rate that changes quarterly. *Burke v. Groover, Christie & Merritt, P.C.*, 26 A.3d 292, 306 (D.C. 2011).  The underpayment of taxes rate when the judgment was entered was 4%, meaning that the statutory rate was 3% (70% of 4% rounded to the nearest full percent), and remained at 3% until April 1, 2018, at which time the underpayment rate increased to 5%, making the judgment rate for the District of Columbia 4% (70% of 5% increased to the next highest percent because it fell exactly on ½ of 1%). Accordingly, Coleman's interest calculations are incorrect, and must be denied unless Coleman can provide an agreement providing for interest to accrue on any judgment at an interest rate of 6%.

Furthermore, Coleman has not shown that he is entitled to compounded interest.  "Prejudgment and judgment interest are ordinarily not compounded in the absence of contract [sic] provision." *Giant Food, Inc. v. Bender & Sons*, 399 A.2d 1293, 1304 (D.C. 1979).  There being no contractual provision providing for compounded interest, Coleman is not entitled to compounded interest.

Accordingly, Coleman would have an allowed unsecured claim

of $252,232.06 with prepetition interest accruing at 3% ($20.73 per day) for a period of 128 days in the amount of $2,653.44, for a total allowed unsecured claim of $254,885.50.  If Coleman held a lien and it is oversecured, he would be entitled to postpetition interest at the post-judgment rate provided by D.C. Code § 3302(c) accruing after the petition date on the judgment amount of $252,232.06.

IV

Coleman is seeking attorney's fees and expenses.  However, Coleman has not provided any agreement that shows that he is entitled to attorney's fees and expenses.  Coleman has only provided a copy of the judgment which does not provide for the collection of attorney's fees or expenses.  Moreover, Coleman has not cited any statute that provides him the right to attorney's fees and expenses.  Coleman only cites to D.C. Code §§ 15-108 and 28-3302, neither of which provides for attorney's fees or expenses.  Accordingly, the court will deny Coleman's request for attorney's fees and expenses, unless he can provide an agreement or point to a statute that permits him such right.

V

In light of the foregoing, it is

ORDERED that the *Motion* (Dkt. No. 345) will be DENIED pursuant to a further order:

(1) with respect to the issue of whether Coleman holds

a secured claim; and

    (2) with respect to Coleman's entitlement to interest at 6% per annum and attorney's fees and expenses, with Coleman limited to prepetition interest of $2,653.44 as set forth above in addition to the judgment amount of $252,232.06, for a total allowed unsecured claim of $254,885.50,

unless within 21 days after entry of this order Coleman supplements his *Motion* to demonstrate any error in the court's analysis.  It is further

ORDERED that the debtor and any other party may respond to any supplemental filing Coleman makes within 21 days after the filing of the supplemental filing.

                              [Signed and dated above.]

Copies to: Debtor (by hand-mail); debtor (held at the clerk's office, directed to the debtor's attention); recipients of e-notification of orders.

R:\Common\TeelSMT\Judge Teep Docs\Above (Martha) - 2016 Case - Order re Gary Coleman's Claim_v11.wpd