The document below is hereby signed.

Signed: February 6, 2019

*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

FURTHER MEMORANDUM DECISION AND ORDER
RE SECOND AMENDED MOTION TO DETERMINE SECURED
<u>CLAIM OF GARY COLEMAN PURSUANT TO FED. BANK. RULE 3012</u>

The trustee sold 1319 Fairmont Street, NW, Washington, D.C. 20009 ("Property") free and clear of all liens, with those liens attaching to the proceeds of the sale, which, according to the report of the sale (Dkt. No. 331), were $1,757,293.07 after payment of closing costs. On August 23, 2018, Gary Coleman filed his *Second Amended Motion to Determine Secured Claim of Gary Coleman Pursuant to Fed. Bank. Rule 3012* ("*Motion To Determine Secured Claim*") (Dkt. No. 345), in which he sought payment of a judgment pursuant to an asserted lien on the proceeds of the Property. Coleman contended that he was entitled to post-judgment interest on his judgment, both prepetition and postpetition, at 6% compounded interest, and also sought

attorney's fees and expenses.

On December 18, this court issued its *Memorandum Decision And Order Re Second Amended Motion To Determine Secured Claim Of Gary Coleman Pursuant To Fed. Bank. Rule 3012* ("*Memorandum Decision*") (Dkt. No. 349), in which it denied Coleman's *Motion To Determine Secured Claim* but granted him leave to provide further evidence that his claim was secured by a lien against the Property and that he was contractually entitled to compounded interest at a rate of 6% and attorney's fees and expenses.  On December 31, 2018, Coleman submitted a *Motion to Reconsider* (Dkt. No. 352), in which he provided a copy of the recorded judgment,[1] and in which he requested additional time to gather evidence of a contractual entitlement to attorney's fees and expenses.  The court granted Coleman an extension of time (Dkt. No. 353) until January 15, 2019, to provide additional evidence.

Coleman has since failed to present any additional evidence: he has not provided any evidence of an entitlement to attorney's fees or expenses, and has not provided any evidence that he is entitled to compound interest or to a 6% interest rate. Accordingly, pursuant to D.C. Code § 28-3302(c), the interest rate on his judgment is the judgment rate for the District of Columbia when such rate is not otherwise "fixed by contract,"

---

[1] I am not certain why the court's examination of the Recorder of Deeds electronic database failed to disclose the judgment.

*i.e.*, 70% of the underpayment of taxes rate as set pursuant to 26 U.S.C. § 6621.[2]

The recordation of Coleman's judgment established, pursuant to D.C. Code § 15-502(a), that he had obtained a judgment lien against the Property. Because Coleman holds a lien, to the extent that the trustee holds sufficient sale proceeds to satisfy the lien, Coleman has an allowed secured claim of $252,232.06 as of the petition date of November 17, 2016, with prepetition interest accruing at 3% ($20.73 per day) for a period of 128 days from the date of entry of the judgment to November 17, 2016, in the amount of $2,653.44. He is also entitled to postpetition interest accruing on the judgment amount of $252,232.06 at the post-judgment rate provided by D.C. Code § 28-3302(c) as follows:

- From November 17, 2016 to March 31, 2018: 3% ($20.73 per day) for a period of 500 days in the amount of $10,365.00; and

- From April 1, 2018 to February 4, 2019: 4% ($27.64 per day) for a period of 310 days in the amount of $8,568.40.

---

[2] As explained in the court's *Memorandum Decision*, the judgment rate under D.C. Code § 28-3302(c) is a variable rate that changes quarterly. *Burke v. Groover, Christie & Merritt, P.C.*, 26 A.3d 292, 306 (D.C. 2011). The underpayment of taxes rate when the judgment was entered was 4%, meaning that the statutory rate was 3% (70% of 4% rounded to the nearest full percent). It remained at 3% until April 1, 2018, at which time the underpayment rate increased to 5%, making the judgment rate for the District of Columbia 4% (70% of 5% increased to the next highest percent because it fell exactly on ½ of 1%). On January 1, 2019, the underpayment rate increased to 6%, but 70% of that rate is 4.2%, such that the judgment rate for the District of Columbia remained at 4%.

Accordingly, Coleman is entitled to an allowed secured claim as of February 4, 2019, of $273,818.90, with interest accruing at $27.64 per day on the $252,232.06 judgment amount after February 4, 2019, through March 31, 2019, and with interest to accrue on the judgment amount of $252,232.06 after March 31, 2019, as provided by D.C. Code § 28-3302(c).  It is thus

ORDERED that Coleman's *Motion To Determine Secured Claim* (Dkt. No. 345) is GRANTED IN PART AND IS OTHERWISE DENIED as set forth below.  It is further

ORDERED that Coleman has an allowed secured claim as of February 4, 2019, of $273,818.90, with interest accruing at $27.64 per day on the $252,232.06 judgment amount after February 4, 2019, through March 31, 2019, and with interest to accrue on the judgment amount of $252,232.06 after March 31, 2019 as provided by D.C. Code § 28-3302(c).  It is further

ORDERED that Coleman's request for compounded interest at a rate of 6% is DENIED.  It is further

ORDERED that the Coleman's request for attorney's fees and expenses is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mail); debtor (held at the clerk's office, directed to the debtor's attention); recipients of e-notification of orders.