The order below is hereby signed.

Signed: January 10 2022



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 16-00600-ELG |
| Martha Akers,<br>Debtor. | Chapter 7 |

### ORDER DIRECTING FRESH START RECOVERY PARTNERS LLC
### TO SUPPLEMENT ITS APPLICATION FOR UNCLAIMED FUNDS

On December 16, 2021, Fresh Start Recovery Partners LLC by and through its CEO Abdul Muhammad as Assignee of Martha Akers (the "**Applicant**") filed an application (the "**Application**") for release of unclaimed funds in the amount of $687,545.40. On October 28, 2020, the chapter 7 trustee deposited the unclaimed funds in question into the Court's registry pursuant to 11 U.S.C. § 347(a), and the funds remain on deposit with the Court pursuant to 28 U.S.C. §§ 2401 and 2402.

The burden is on the Applicant to demonstrate that it is entitled to the funds sought. *See In re Acker*, 275 B.R. 143, 144 (Bankr. D.D.C. 2002). "Because an application for unclaimed funds is typically considered *ex parte*, the Court must insist on exact compliance with the legal requirements relating to the authority of an individual or entity to act on behalf of the owner." *In re Lynda Lopez*, 2012 WL 3257828, *1 (Bankr. D.D.C. 2012) (quoting *In re Applications for*

1

*Unclaimed Funds Submitted in Cases Listed on Exhibit "A"*, 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005)).

In support of the Application, the Applicant has attached a document called "Notice of Assignment" that purports to assign to Fresh Start Recovery Partners, LLC ("**Fresh Start**") all of the Debtor's "right, title and interest in and to the below referenced funds/claim(s)" in this case. This information is insufficient for the Court to determine that the Applicant is entitled to the unclaimed funds in question. The Applicant further attaches an "Application of Applicant" and "Certification That the Claim Has Not Been Satisfied," each signed by Abdul Muhammed, in support of the claim to the funds. It is clear from the documentation that Mr. Muhammed and/or Fresh Start have no personal knowledge of the events surrounding the deposit of the unclaimed funds into the Court's registry. Mr. Muhammed and/or Fresh Start base the Application solely on the presence of unclaimed funds in this Court's registry and a vague reference to "pre-verification" of their status as unpaid. Such generalizations and hearsay, without more, are insufficient to meet the evidentiary standard required to prove the Applicant's right to the funds.

In addition, the Application fails to meet other evidentiary standards necessary for consideration and approval. Specifically, nothing contained in the Application discloses (i) the terms of the alleged assignment, particularly the fee or commission charged by Fresh Start for its services;[1] (ii) unique identifying information sufficient that would assist the Court in verifying the identity of the assignor as the Debtor; or (iii) a statement by the party with first-hand knowledge explaining why the funds went unclaimed by the Debtor in this case and, thus, establishing that the Debtor remains entitled to the unclaimed funds. Furthermore, on December 31, 2021, the

---

[1] The Court is entitled to review the reasonableness of the fee charged by Fresh Start. *See Lopez*, 2012 WL at *1; *In re Taylor*, 216 B.R. 525 (Bankr. E.D. Pa. 1998).

Debtor filed a document in which she affirmatively states that she has not filed an application for the unclaimed funds, raising further questions as to the validity and accuracy of the Application. ECF No. 417.

Therefore, it is hereby **ADJUDGED, ORDERED, and DECREED** that

1) Within 28 days after entry of this Order, the Applicant shall supplement its Application to include:

    a. Disclosure of the terms of the alleged assignment, including the terms of compensation;

    b. Evidence sufficient to support the release of unclaimed funds based upon first-hand knowledge of why the original check was not negotiated; and

    c. Evidence sufficient to allow the Court to verify that the individual who executed the "Notice of Assignment" was the Debtor.

2) If the Applicant fails to supplement the Application in accordance with the foregoing, the Court will deny the Application without prejudice.

[Signed and dated above.]

Copies to: U.S. Attorney's Office; Office of the U.S. Trustee;

Fresh Start Recovery Partners LLC
c/o Abdul Muhammad, CEO
6595 Roswell Road
Suite G-6150
Atlanta, GA 30328

Martha Akers
P.O. Box 1444
Annapolis, MD 21404

Marth Akers
94 East Street
Annapolis, MD 21401